## Brewer et ux. v. Brodhead, Admr., et al. No. 1

*L. A. Achterman*, for plaintiff.

*Erdman & Williams, Eilenberger & Huffman*, and *Ira A. LeBar*, for defendant.

SHULL, P. J., October 20, 1938.—This matter is before the court upon a rule to show cause why Thomas C. Brod-

head, administrator of the estate of Rodney G. Brodhead, deceased, defendant in the action of Theodore L. Brewer and Victoria Brewer, his wife, against Thomas C. Brodhead, administrator of the estate of Rodney G. Brodhead, deceased, to no. 20 December term, 1937, should not be permitted to amend the scire facias issued at the instance of the said Thomas C. Brodhead, administrator, etc., to bring David W. Powell into court as an additional defendant.

The matter which is now presented to the court for its determination is the rule to show cause why an amendment of the præcipe for scire facias should not be permitted.

Prior to the issuing of this rule, the scire facias defendant, David W. Powell, caused an appearance to be entered de bene esse, and presented his petition for a rule to show cause why the writ of scire facias should not be stricken off. This rule has never been disposed of by this court nor has it been presented to the court for determination. The rule to show cause why an amendment should not be permitted is so interlocked with the rule to strike off that it is impossible to determine the question raised by the rule to amend without first determining the question raised by the rule to strike off for, as we have said, the appearance of this scire facias defendant is de bene esse and not a general one. Under this de bene esse appearance, should it be determined that the scire facias should be stricken off for the reason that the præcipe is fatally defective, then this scire facias defendant is not in court and could not be proceeded against by rule. Ordinarily, proceeding by rule is not original process and such procedure may not be had until after the party against whom the rule is to be issued is regularly in court. While amendments which are not a matter of right are in most instances discretionary with the court, where the motion to amend is made in time, in this instance the motion, upon which this rule issued, was prematurely made. It confronts this court with a rule which in effect asks the dis-

charge of a rule. To make this rule absolute is tantamount to discharging the pending rule to show cause why the writ of scire facias should not be stricken off. As we view it in this instance, we have the cart before the horse. If the additional defendant is in court, then he is amenable to process by rule to amend. If, however, he is not in court, he is not amenable to such process. The question raised under the rule to quash not only has not been determined by this court, but, as we have said, has not been presented to the court for its determination; and, until the question there raised is determined, a rule to show cause why amendment should not be made is but a rule to show cause why a rule which had been previously issued should not be dismissed or stricken off. For these reasons this rule must be dismissed.

And now, October 20, 1938, rule to show why Thomas C. Brodhead, administrator, etc., original defendant, should not be permitted to amend præcipe for scire facias to bring in David W. Powell as additional defendant is dismissed without prejudice.